UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> NICHOLAS INDUSTRIES & CONSTRUCTION SERVICES INC. and WASHINGTON INTERNATIONAL INSURANCE COMPANY, <br><br> Defendants. | 18 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section 220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the ERISA Funds and the Charity Fund, as the "Funds") is a New York not-for-profit corporation.

7. Defendant Nicholas Industries & Construction Services Inc. ("Nicholas") is a corporation incorporated under the laws of the state of New York. At all relevant times, Nicholas was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Nicholas maintains its principal place of business at 2411 East 70th Street, Brooklyn, New York, 11234.

8. Defendant Washington International Insurance Company ("Washington Insurance") is a corporation organized and existing under the laws of the State of New Hampshire and is authorized to do business in the State of New York. Washington Insurance has a mailing address at 475 North Martingale Road, Suite 850, Schaumburg, Illinois 60173 and maintains its principal place of business at 1450 American Lane, 11th Floor, Schaumburg, Illinois 60173.

## STATEMENT OF FACTS

9. At all relevant times, Nicholas was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

11. The CBA required Nicholas to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. Nicholas failed to remit all required contributions to the Funds in connection with Covered Work it performed, as a subcontractor of DSW Homes, LLC ("DSW"), in connection with the project titled "Build It Back" for the period of at least March 2017 through April 2017. A preliminary list of the locations Nicholas performed such work (the "Projects") and the contributions owed in connection with such work is attached hereto as **Appendix A**.

13. Washington Insurance issued a payment bond guaranteeing payment of all wages and benefits owed by DSW and its subcontractors in connection with work they performed on the Projects.

14. By issuing the payment bond, Washington Insurance assumed liability for the payment of all contributions owed by Nicholas in connection with work it performed on the Projects.

### **FIRST CLAIM FOR RELIEF AGAINST NICHOLAS**
*Unpaid Contributions Under 29 U.S.C. § 1145*

15. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

17. The CBA requires that Nicholas make contributions to Plaintiffs for all Covered Work it performed on the Projects.

18. Nicholas has failed to remit contributions to the Funds in connection with all Covered Work it performed on the Projects.

19. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Nicholas is liable to Plaintiffs for: (1) its unpaid contributions on the Projects; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST NICHOLAS**
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

20. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

22. Nicholas violated the terms of the CBA when it failed to make all contributions due and owing for work it performed on the Projects.

23. As a result of Nicholas's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of NYLL § 220-g*

24. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

26. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Nicholas's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees on the Projects.

27. By issuing the bond, Washington International assumed joint and several liability with Nicholas to pay any and all wages and supplements due and owing as a result of Nicholas's failure to pay for work performed on the Projects.

28. Nicholas failed to make all supplemental benefits payments to Plaintiffs for work performed by its employees on the Projects.

29. In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

30. Therefore, Defendants are required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Projects.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Common Law Claim Against the Bond*

31. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. Washington Insurance issued a common-law bond on the Projects.

33. Pursuant to the common-law bond, Washington Insurance guaranteed the payment of wages and benefits to Nicholas's employees on the Projects and thereby assumed joint and several liability with Nicholas to pay any and all wages and benefits due and owing as a result of Nicholas's failure to pay benefits for work performed on the Projects.

34. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Nicholas's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees.

35. Nicholas failed to make all required supplemental benefits payments to Plaintiffs for work performed by its employees on the Projects.

36. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Washington Insurance is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Projects.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Nicholas for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed on the Projects;

ii. Order Nicholas to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and audit costs/collection costs incurred by Plaintiffs;

iii. Award judgment in favor of Plaintiffs and against Washington Insurance for the amount of all contributions owed by Nicholas for work it performed on the Projects, plus interest; and

iv. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 8, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Julie Dabrowski
Todd Dickerson
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*